1  CODE $1425
   William C. Jeanney, Esq.
2  Nevada State Bar No. 1235
   BRADLEY, DRENDEL & JEANNEY, LTD.
3  401 Flint Street
   Reno, Nevada 89501
4  Telephone: (775) 335-9999

5  Scott Freeman, Esq.
   Nevada State Bar No. 668
6  LAW OFFICES OF FREEMAN & ROUTISS, A.P.L.C.
   556 California Avenue
7  Reno, Nevada 89509
   Telephone: (775) 786-4788
8  *Attorneys for Plaintiff*

9

FILED

2007 DEC 14  PM 2: 23

HOWARD W. CONYERS

BY___J. Ames___
       DEPUTY

10        IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

11                    IN AND FOR THE COUNTY OF WASHOE

12

13  ELIZABETH EOFF,                          )        CV07 02900
                                             )
14                Plaintiff,                  )     Case No. _____
                                             )
15  vs.                                      )     Dept. No. _____  ᘰ
                                             )
16  THE CITY OF RENO, a municipality         )
    organized and existing under the laws of )
17  the State of Nevada, *ex rel.* the Reno Police )
    Department; PAUL PITSNOGLE; and          )
18  DOES 1 through XX, inclusive,            )     COMPLAINT
                                             )     (Arbitration Exemption Requested)
19                Defendants.                 )
                                             )
20  _____

21        COMES NOW Plaintiff, above-named, acting by and through her counsel, and hereby alleges

22  as follows:

23                                    PARTIES

24        1.     At all times relevant hereto, Plaintiff ELIZABETH EOFF (hereinafter "EOFF" or

25  "Plaintiff") was a resident of Washoe County, Nevada.

26        2.     At all times relevant hereto, Defendant CITY OF RENO (hereinafter "CITY") was

27  a municipality organized and existing under the laws of the State of Nevada and, as such, was and

28  is subject to liability as a municipality under 42 U.S.C. § 1983 and related federal statutes.  Under

                                             ˙ EXHIBIT "A"

1  its auspices, the CITY operated a law enforcement entity known as the Reno Police Department.

2  3.      At all times relevant hereto, Defendant PAUL PITSNOGLE (hereinafter

3  "PITSNOGLE") was a police officer employed by the CITY through the Reno Police Department.

4  4.      Plaintiff is unaware of the true names of the Defendants designated as DOES I

5  through XX, inclusive. Plaintiff is informed and believes and, on that basis, alleges that each of said

6  fictitiously designated Defendants was a policymaker for the CITY and is, for that or other reasons,

7  legally responsible for the damages Plaintiff has sustained, as alleged herein. When Plaintiff

8  becomes aware of the true names of said Defendants, she will seek leave to amend her Complaint

9  in order to state the true names in the place and stead of such fictitious names.

10  5.      For purposes of Plaintiff's state law claims she alleges that, at all times mentioned

11  herein, each Defendant was the agent or employee of each other Defendant and was acting within

12  the course and scope of such agency or employment.

13  ## FACTS UNDERLYING PLAINTIFF'S CLAIMS

14  6.      Plaintiff incorporates by this reference each and every allegation made in the previous

15  paragraphs of this Complaint, as though all of such allegations were here set forth at length.

16  7.      As of April 3, 2006, EOFF was seventeen years of age and was a student at McQueen

17  High School in Reno, Nevada.

18  8.      As of April 3, 2006, PITSNOGLE was a sergeant with the Reno Police Department.

19  As of such date, the Defendants, and each of them, had been made aware that PITSNOGLE routinely

20  violated the accepted practices, policies, and procedures expected and required of police officers

21  employed by the Reno Police Department. As of such date, the Defendants, and each of them, had

22  also been made aware of complaints that PITSNOGLE had utilized the authority conferred upon him

23  by the CITY and Reno Police Department in attempts to establish inappropriate, abusive, and

24  harassing contact and liaisons with females he encountered during his employment.

25  9.      Notwithstanding such knowledge and awareness, the Defendants, and each of them,

26  failed to adequately train or supervise PITSNOGLE and likewise failed to implement and/or enforce

27  adequate procedural mechanisms to protect the females with whom PITSNOGLE came into contact

28  during his employment. Such failures constituted a *de facto* policy on the part of the CITY to permit

2

1   and enable PITSNOGLE to abuse and harass female members of the public.

2       10.    At approximately 1:00 o'clock in the morning of April 3, 2006, PITSNOGLE was
3   in a patrol car in the vicinity of North McCarran and Interstate 80, in Reno, Nevada. At such time
4   on such date, EOFF was driving a vehicle in the same vicinity. After following EOFF's vehicle for
5   some period of time, PITSNOGLE pulled EOFF over.

6       11.    Acting pursuant to the CITY's *de facto* policy of permitting PITSNOGLE to establish
7   inappropriate, abusive, and harassing contact and liaisons with female members of the public,
8   PITSNOGLE utilized his authority as a police officer to intimidate and manipulate EOFF into getting
9   into the back seat of the patrol car, to disrobe, and to pose herself as he demanded--while
10  PITSNOGLE masturbated in the front seat of the patrol car.

11      12.    As a direct result of the Defendants' conduct, EOFF's bodily integrity has been
12  violated, her privacy has been invaded, all resulting in severe emotion distress and anguish, giving
13  rise to physical illness, trauma, and anxiety. As a further direct result of the Defendants' conduct,
14  EOFF has been subjected to public humiliation and scorn. The foregoing has caused EOFF to
15  sustain damages in excess of TEN THOUSAND DOLLARS ($10,000), the exact amount to be
16  proved at trial.

17      13.    EOFF has been required to retain the services of legal counsel in order to prosecute
18  her claims and she is thus entitled to an award of reasonable attorneys' fees, according to law.

19                          FIRST CLAIM FOR RELIEF
                (42 U.S.C. § 1983--Substantive Due Process Violation by Muncipality and its
20          Employees in Official Capacity Acting Pursuant to *De Facto* Municipal Policy)

21      14.    Plaintiff incorporates by this reference each and every allegation made in the
22  previous paragraphs of this Complaint, as though all of such allegations were here set forth at length.

23      15.    At all relevant times, EOFF had a right, protected by the Due Process Clause of the
24  Fourteenth Amendment to the U.S. Constitution, to be free from having her bodily integrity violated
25  and her privacy invaded by municipal employees acting pursuant to municipal policies.

26      16.    At all relevant times, the CITY had a *de facto* policy of turning a blind eye toward
27  its male police officers' abuse of their official authority in order to establish inappropriate, abusive,
28  and harassing contact and liaisons with female members of the public.

3

17.    Said *de facto* policy was the moving force behind PITSNOGLE's violation of EOFF's Constitutionally protected rights as described above.

18.    As a direct and legal result of the foregoing, EOFF has sustained the damages described above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983--Substantive Due Process Violation by Municipality and its Employees
In Official Capacity For Failure to Train, Supervise, and Control Employees)

19.    Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though all of such allegations were here set forth at length.

20.    At all relevant times, the CITY had actual or constructive notice that there was an obvious need to properly train, supervise, and control all employees charged with responsibility for preventing police officers, including PITSNOGLE, from abusing their official authority in order to establish inappropriate, abusive, and harassing contact and liaisons with female members of the public. The CITY also had actual or constructive notice that there was an obvious need to properly train, supervise, and control all employees regarding the detection and reporting of such conduct. Further, the CITY had actual or constructive knowledge of the need for implementing and enforcing practices, policies, and procedures for the prevention of such conduct.

21.    The CITY acted with deliberate indifference to such obvious needs by failing to provide adequate training, supervision, and control of such employees and by failing to implement and/or enforce such practices, policies, and procedures.

22.    The CITY's aforementioned failures constituted a *de facto* policy which was the moving force behind the violation of EOFF's Constitutionally protected rights as described above.

23.    As a direct and legal result of the foregoing, EOFF has sustained the damages described above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983--Individual Capacity Liability of Municipal Employees)

24.    Plaintiff incorporates by this reference each and every allegation made in the previous

4

1 | paragraphs of this Complaint, as though all of such allegations were here set forth at length.

2 |     25.    The individual Defendants, by their conduct alleged above and acting under color of
3 | law: 1) set in motion a series of actions by themselves or by others which each knew or reasonably
4 | should have known would cause others to inflict the constitutional injury to EOFF; 2) knowlingly
5 | refused to terminate a series of such actions which each knew or reasonably should have known
6 | would causee the constitutional injury to EOFF; 3) culpably acted or failed to act in the training,
7 | supervision, or control of his or her subordinates; and 4) otherwise showed a reckless or callous
8 | indifference to the rights of others, including EOFF.

9 |     26.    As a direct and legal result of the foregoing, EOFF has sustained the damages
10 | described above.

11 |     WHEREFORE, Plaintiff prays judgment be entered as set forth below.

12 | 
### FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1988--Attorneys' Fees)

13 |
14 |     27.    Plaintiff incorporates by this reference each and every allegation made in the previous
paragraphs of this Complaint, as though all of such allegations were here set forth at length.

15 |     28.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees
16 | incurred in the prosecution of the foregoing claims, in an amount to be proved at trial.

17 |     WHEREFORE, Plaintiff prays judgment be entered as set forth below.

18 |
### FIFTH CLAIM FOR RELIEF
(State Common Law--False Arrest/False Imprisonment)

19 |
20 |     29.    Plaintiff incorporates by this reference each and every allegation made in the previous
21 | paragraphs of this Complaint, as though all of such allegations were here set forth at length.

22 |     30.    PITSNOGLE'S use of intimidation and manipulation to force EOFF into his patrol
23 | car constituted a nonconsensual, intentional confinement of EOFF, without lawful privilege, for an
24 | appreciable period of time.

25 |     31.    As a direct and legal result of the foregoing false arrest and false imprisonment, EOFF
26 | has sustained the damages described above.

27 |     WHEREFORE, Plaintiff prays judgment be entered as set forth below.

28 |
### SIXTH CLAIM FOR RELIEF

5

(State Common Law--Negligent Hiring, Retention, and Supervision of PITSNOGLE)

32.    Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though all of such allegations were here set forth at length.

33.    Defendants, and each of them, had a legal duty to EOFF to exercise due care in the hiring, retention, and supervision of Defendant PITSNOGLE.

34.    Defendants, and each of them, failed to exercise due care in the hiring, retention, and supervision of Defendant PITSNOGLE and therefore breached their legal duty to EOFF.

35.    As a direct and legal result of Defendants' breach of their respective duties, EOFF has sustained the damages described above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

SEVENTH CLAIM FOR RELIEF
(State Common Law--Intentional Infliction of Emotional Distress)

36.    Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though all of such allegations were here set forth at length.

37.    Defendants, and each of them, engaged in extreme and outrageous conduct toward EOFF with the intention of, or reckless disregard for, causing emotional distress to her.

38.    As a direct and legal result of Defendants' extreme and outrageous conduct, EOFF in fact suffered severe or extreme emotional distress.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

EIGITH CLAIM FOR RELIEF
(State Common Law--Negligent Infliction of Emotional Distress)

39.    Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though all of such allegations were here set forth at length.

40.    Defendants, and each of them, had a duty to exercise due care so as not to inflict emotional distress on EOFF.

41.    Defendants, and each of them, violated such dutyt by acting negligently toward the interests of EOFF.

42.    As a direct and legal result of the Defendants' breach of their respective duties of due care toward EOFF, she suffered severe or extreme emotional distress.

6

1    WHEREFORE, Plaintiff prays judgment be entered as set forth below.

2                        NINTH CLAIM FOR RELIEF
                  (State Common Law--*Respondeat Superior*)
3
      43.    Plaintiff incorporates by this reference each and every allegation made in the previous
4
     paragraphs of this Complaint, as though all of such allegations were here set forth at length.
5
      44.    Because each Defendant was an agent or employee of each other Defendant, and was
6
     acting in the course and scope of such agency or employment, each Defendant is vicariously liable
7
     for the conduct of each other Defendant under the doctrine of *respondeat superior*.
8
           WHEREFORE, Plaintiff prays judgment be entered as set forth below.
9
                        TENTH CLAIM FOR RELIEF
10                     (Punitive or Exemplary Damages)

11    45.    Plaintiff incorporates by this reference each and every allegation made in the previous

12   paragraphs of this Complaint, as though all of such allegations were here set forth at length.

13    46.    Defendants, and each of them, acted with evil motive or intent, or with reckless or

14   callous disregard for the rights of EOFF, including her constitutional rights, and each should be

15   punished and made an example of by an award of punitive or exemplary damages in an amount to

16   be proved at trial.

17                               PRAYER

18         WHEREFORE, Plaintiff prays judgment be entered as follows:

19    1.     For general damages in an amount in excess of TEN THOUSAND DOLLARS

20   ($10,000), the exact amount to be proved at trial;

21    2.     For special damages in an amount to be proved at trial;

22    3.     For attorneys' fees in an amount to be proved at trial;

23    4.     For punitive or exemplary damages in an amount to be proved at trial;

24    5.     For pre-and post-judgment interest and costs of suit, as provided by law;

25    6.     For such other and further relief as the Court deems just and proper.

26                  AFFIRMATION Pursuant to NRS 239B.030

27         The undersigned does hereby affirm that the preceding document does not contain the social

28   /////

                                    7

1  security number of any person.

2  DATED this ⁱ⁴ day of December, 2007.

3                                            BRADLEY, DRENDEL & JEANNEY, LTD.

4

5                                            By
                                                WILLIAM C. JEANNEY, ESQ.
6                                               Nevada State Bar No. 1235
                                                401 Flint Street
7                                               Reno, Nevada 89501
                                                *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8